# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued February 15, 2005          Decided April 15, 2005

No. 04-1049

COLUMBIA GAS TRANSMISSION CORPORATION,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION AND
UNITED STATES OF AMERICA,
RESPONDENTS

NICOLE GAS PRODUCTION, LTD,
INTERVENOR

---

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

---

*Barbara K. Heffernan* argued the cause for petitioner. With her on the briefs were *Debra Ann Palmer*, *Stephen R. Melton*, and *Kurt L. Krieger*.

*David H. Coffman*, Attorney, Federal Energy Regulatory Commission, argued the cause for respondent. With him on the brief were *Cynthia A. Marlette*, General Counsel, and *Dennis Lane*, Solicitor.

*Robert C. Sanders* was on the brief for intervenor.

Before: TATEL, GARLAND, and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*: Petitioner Columbia Gas Transmission Corporation challenges orders of the Federal Energy Regulatory Commission (FERC) that require Columbia to install and pay for meters on certain natural gas wells. Columbia argues that FERC's orders exceed the Commission's jurisdiction, and we agree.

I

In 1999, Columbia Natural Resources, Inc., a Columbia affiliate, sold 143 natural gas wells to Nicole Gas Production, Ltd. The gas from the wells flows into gathering lines owned and operated by Columbia, and from there into the transmission lines of Columbia's interstate pipeline system. At the time of the sale, Columbia entered into a service agreement with Nicole that incorporated several provisions of Columbia's FERC tariff, including section 26. Section 26.9(b) of the tariff stated: "Unless otherwise agreed to in writing, . . . [Columbia] will install, operate and maintain measuring stations and equipment by which the volumes of natural gas or quantities of energy received by [Columbia] are determined." But section 26.9(m) stated: "Nothing in this Section 26.9 shall be construed to require [Columbia] to construct any facilities."

Most of the 143 wells had meters to measure the amount of gas Nicole gathered from the wells. Fifty-five of the wells, however, had no meters, and gas production was measured through "one-minute pickup tests." On January 12, 2003, a Nicole affiliate filed a petition with FERC, seeking a declaratory order that Columbia's tariff required Columbia to pay for and install meters at each of Nicole's 55 unmetered wells, pursuant

to the terms of section 26.9(b). Columbia opposed the petition, contending that FERC was without jurisdiction to order the installation of meters on Nicole's gathering facilities. Relying in part on section 26.9(m), Columbia also disputed that the tariff required it to pay for and install the meters.

In an order issued June 11, 2003, FERC determined that it had jurisdiction over the matter and that Nicole's interpretation of the tariff was correct. *Nicole Gas Prod., Ltd.*, 103 F.E.R.C. ¶ 61,328 (2003). Columbia petitioned for clarification and rehearing. On December 24, 2003, FERC denied rehearing in an order that affirmed and clarified the Commission's ruling regarding both jurisdiction and interpretation of the tariff. *Nicole Gas Prod., Ltd.*, 105 F.E.R.C. ¶ 61,371 (2003).

Columbia now petitions for review of FERC's orders. It argues that FERC cannot compel Columbia to install and pay for the meters because FERC lacks jurisdiction over gathering facilities. It also contends, inter alia, that FERC has misinterpreted the tariff as requiring Columbia to pay for the installation of meters on such facilities. Because we conclude that FERC's orders exceed the Commission's jurisdiction, we do not address the latter issue.

II

Columbia's principal argument is that the Commission's order requires the company to install and pay for meters on "gathering facilities," which are exempt from FERC's jurisdiction. Section 1(b) of the Natural Gas Act (NGA) states that FERC's jurisdiction over the transportation and sale of natural gas "shall not apply . . . to the production or gathering of natural gas." 15 U.S.C. § 717(b). As we have previously noted, "Section 1(b) of the NGA distinguishes between facilities that are used for 'the transportation of natural gas in interstate

commerce,' which are subject to FERC's jurisdiction, and those used for 'gathering,' which are not." *Williams Gas Processing-- Gulf Coast Co., L.P. v. FERC*, 331 F.3d 1011, 1013 (D.C. Cir. 2003). FERC does not dispute that the meters are to be installed on gathering facilities, but contends that it has jurisdiction over them nonetheless.

Although the deferential interpretive canon announced in *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984), applies to our review of FERC's construction of the NGA's jurisdictional provisions, *see Detroit Edison Co. v. FERC*, 334 F.3d 48, 53 (D.C. Cir. 2003), the first step under *Chevron* is to ask whether "the intent of Congress is clear," *Chevron*, 467 U.S. at 842. If it is, we "must give effect to the unambiguously expressed intent of Congress," regardless of the interpretation pressed by the Commission. *Id.* at 843. Because Congress' intent is clear here, we have no occasion to proceed to *Chevron*'s deferential second step. *See id.*

In its initial order, FERC addressed the question of its jurisdiction in a single sentence:

> The fact that the facilities on which the meters may be located may function in a gathering capacity is not relevant as the tariff does not limit the obligation to install meters only to transmission facilities *and, in any event*, Columbia's gathering services are subject to our jurisdiction as they are in connection with Columbia's interstate transmission services.

*Nicole Gas Prod., Ltd.*, 103 F.E.R.C. at 62,262 (emphasis added). As the parties understand this sentence, it rests jurisdiction over the installation of meters on Nicole's gathering facilities on two rationales: (1) Columbia voluntarily submitted to FERC's jurisdiction by filing a tariff that covered the meters;

and (2) the meters fall within the Commission's "in connection with" jurisdiction. *See* 15 U.S.C. § 717c(a) ("All rates and charges made, demanded, or received by any natural-gas company for or *in connection with* the transportation or sale of natural gas subject to the jurisdiction of the Commission . . . shall be just and reasonable . . . ." (emphasis added)).

In FERC's order on rehearing, the Commission abandoned the "in connection with" rationale, *Nicole Gas Prod., Ltd.*, 105 F.E.R.C. at 62,653, and it expressly disclaims any desire to resurrect that rationale here, *see* FERC Br. 15 n.4; Oral Arg. Tape at 16:15-17:15. We therefore do not consider it. Instead, we consider the only jurisdictional rationale that FERC now puts forward: that it has jurisdiction to compel compliance with the tariff provision regarding meters on gathering facilities solely because the tariff was "voluntarily filed by the pipeline," even if FERC would not otherwise have jurisdiction over such meters. *Nicole Gas Prod., Ltd.*, 105 F.E.R.C. at 62,653.

We must first address FERC's contention that we cannot question its tariff-based rationale because Columbia did not object to that rationale below. *See* 15 U.S.C. § 717r(b) (providing that "[n]o objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing"). The short answer to FERC's contention is that it is factually incorrect. Columbia expressly argued in its petition for rehearing that "[t]he Commission cannot extend indirectly its jurisdictional reach by defining Columbia's obligations under its FERC authorized tariff to include construction of non-jurisdictional facilities." Pet. for Reh'g at 12. And it insisted that "incorporation by reference of certain tariff provisions cannot expand the Commission's jurisdictional reach." *Id.* at 12 n.9. FERC's further suggestion that Columbia's objection to the tariff-based rationale was too terse to put the Commission on

notice is particularly audacious for two reasons. First, FERC's own reference to the rationale in its initial decision -- the only FERC statement to which Columbia could have objected in its petition for rehearing -- had itself consisted of only half a sentence. *See Nicole Gas Prod., Ltd.*, 103 F.E.R.C. at 62,262. Second, it is clear that Columbia's objection "was adequately specific to put the Commission on notice of the ground on which rehearing was being sought -- as evidenced by the fact that FERC responded on the merits" in its order on rehearing. *Louisiana Intrastate Gas Corp. v. FERC*, 962 F.2d 37, 41-42 (D.C. Cir. 1992) (internal quotation marks omitted).

We therefore turn to FERC's claim that Columbia's tariff is alone sufficient to provide the Commission with jurisdiction to enforce all the provisions contained therein. For this claim, FERC relies on the "filed rate doctrine," which "forbids a regulated entity to charge rates for its services other than those properly filed with the appropriate federal regulatory authority." *Arkansas La. Gas Co. v. Hall*, 453 U.S. 571, 577 (1981) ("*Arkla*"). According to FERC, the filed rate doctrine "authorizes FERC to enforce tariff language requiring installation of meters on gathering facilities, regardless of whether FERC" would have jurisdiction "in the absence of such language." FERC Br. 8; *see Nicole Gas Prod., Ltd.*, 105 F.E.R.C. at 62,653. The breathtaking scope of FERC's claim is made clear by its response to a hypothetical raised at oral argument. In the Commission's view, if a filed tariff stated that its provisions "shall apply to the production or gathering of natural gas," FERC would have jurisdiction over those activities, Oral Arg. Tape at 19:55-21:15, notwithstanding that they are precisely the activities that the NGA excludes from FERC's purview, *see* 15 U.S.C. § 717(b).

FERC cites no case, and we cannot find one, in which a court has permitted the Commission to use the filed rate doctrine

as such a jurisdictional boot-strap. An examination of the statutory language explains the lack of precedent in support of FERC's view. The filed rate doctrine derives from sections 4 and 5 of the NGA. *See Consolidated Edison Co. v. FERC*, 958 F.2d 429, 432 (D.C. Cir. 1992). Yet NGA section 1(b) states that "[t]he provisions of this chapter" -- of which sections 4 and 5 are two -- "shall not apply to . . . the production or gathering of natural gas." 15 U.S.C. § 717(b); *see FPC v. Panhandle E. Pipe Line Co.*, 337 U.S. 498, 508 (1949) ("Sections 4, 5 and 7 do not concern the producing or gathering of natural gas; rather they have reference to the interstate sale and transportation of gas and are so limited by their express terms."). A doctrine that rests on these sections likewise cannot apply to the gathering of natural gas.

This conclusion is consistent with the Supreme Court's holding that the petitioner in the *Arkla* case was bound by the filed rate doctrine *only* during the period in which it was otherwise subject to FERC's jurisdiction. 453 U.S. at 584 & n.14. It is also consistent with this court's ruling in *Conoco Inc. v. FERC* that, "[w]here an activity or entity falls within NGA § 1(b)'s exemption for gathering, the provisions of NGA §§ 4, 5 and 7 . . . neither expand the Commission's jurisdiction nor override § 1(b)'s gathering exemption." 90 F.3d 536, 552 (D.C. Cir. 1996). And it is confirmed by our holding in *Detroit Edison* that FERC may neither accept the filing of a tariff provision that covers non-jurisdictional activity (in that case, unbundled retail distribution service), nor assert jurisdiction over such an activity. 334 F.3d at 54-55.

FERC endeavors to distinguish *Detroit Edison* by noting that there was an objection to the initial filing of the tariff in that case, while there was no such objection here. But jurisdiction cannot arise from the absence of objection, or even from affirmative agreement. To the contrary, "as a statutory entity,

the Commission cannot acquire jurisdiction merely by agreement of the parties before it." *American Mail Line Ltd. v. FMC*, 503 F.2d 157, 170 (D.C. Cir. 1974); *see California Indep. Sys. Operator Corp. v. FERC*, 372 F.3d 395, 398 (D.C. Cir. 2004). As the Supreme Court has explained, "parties . . . cannot confer jurisdiction; only Congress can." *Weinberger v. Bentex Pharms., Inc.*, 412 U.S. 645, 652 (1973). In this case, Congress has clearly declined to do so.

## III

Because the Natural Gas Act unambiguously denies FERC jurisdiction to issue the orders challenged in the petition for review, we grant the petition and vacate the orders.

*So ordered.*